# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

KIRBY SHAVERS                                                                                          PETITIONER

VERSUS                                          Civil Action No. 3:13cv51-WHB-RHW

RONALD KING                                                                 RESPONDENT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court are Kirby Shavers' [1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on January 23, 2013[1]; Respondent's March 6, 2013, [6] Motion to Dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d); and Shavers' April 1, 2013, [7] Response to the Motion to Dismiss. Upon review and consideration of the pleadings, records on file, and relevant legal authority, the undersigned is of the opinion that the Motion to Dismiss should be granted and that the petition for federal habeas relief should be denied.

## FACTS AND PROCEDURAL HISTORY

Petitioner was convicted in the Circuit Court of Rankin County on August 8, 2008. Shavers pleaded guilty to one count each of (1) rape, (2) kidnaping, (3) burglary, (4) grand larceny, and (5) aggravated assault. On August 11, 2008, the trial court sentenced Shavers to a total of 65 years in the custody of the Mississippi Department of Corrections. Because Shavers pleaded guilty, direct appeal on the merits of his conviction or sentence was not available. *See* Miss. Code Ann. § 99-35-101.

Petitioner filed a Motion to Reduce Sentence on April 18, 2011, which the Circuit Court of Rankin County dismissed on June 6, 2011. *See* Doc. [6-2]. The decision was appealed to and affirmed by the Mississippi Court of Appeals on July 31, 2012. *Shavers v. State of Mississippi*,

---

[1]Under the "mailbox rule," Shaver's *pro se* federal habeas petition is deemed filed the day he delivered it to prison officials for mailing to the District Court. *Coleman v. Johnson*, 184 F.3d 398, 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)). Shavers dated the petition January 16, 2011.

94 So.3d 362 (Miss. Ct. App. 2012). Shavers did not file a motion for rehearing in the Mississippi Court of Appeals, or petition for certiorari in the Mississippi Supreme Court. On August 20, 2012, Petitioner then filed an "Application for Leave to File Petitioner for Post-Conviction Collateral [sic] in the Circuit Court of Rankin County, State of Mississippi". The Mississippi Supreme Court dismissed the application without review of the merits on October 17, 2012, because it was not properly before the Court. *See* Doc. [6-4].

Shavers filed the federal habeas petition currently before the Court on January 16, 2013. Petitioner challenges his sentence as unconstitutional on the grounds that it is effectively a life sentence based on his life expectancy. He further asserts that the conviction resulted from ineffective assistance of counsel. Respondent argues that the petition should be dismissed as time barred pursuant to 28 U.S.C. § 2244(d).

## LAW AND ANALYSIS

Respondent contends that Shavers' conviction and sentence became final on August 11, 2008. Shavers does not dispute this contention. Further, Respondent argues that Petitioner filed his federal habeas petition and state motion for post-conviction relief beyond the applicable one-year limitation period, which expired on August 11, 2009. Therefore, Respondent argues that Shavers' petition is untimely, and he is not entitled to any statutory tolling.

28 U.S.C. § 2244 provides in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Shavers' deadline for filing a timely federal habeas relief under 2244(d)(1) was August 11, 2009, or one year after his conviction and sentence became final. He did not file his § 2254 petition until January 16, 2013, well beyond the deadline. Shavers is not entitled to tolling of the one-year limitation period because he did not seek post-conviction relief in state court until more than one year after his conviction and sentence became final. Shavers did not file a state motion for post-conviction relief until April 18, 2011; and did not seek what he termed "collateral review" until August 20, 2012. Because Shavers did not avail himself of state post-conviction remedies within one year of his conviction and sentence becoming final, the one-year period provided in § 2244(d) was not tolled.

Petitioner suggests that he is not barred by the one-year limitation period because he filed state court applications for post-conviction relief. As explained above, his state court applications for post-conviction relief were filed beyond the one-year limitation period. In his petition, Shavers also mistakenly asserts that in 2011, the state court granted his request for post

conviction relief. In fact, the state courts dismissed and denied his applications. Nonetheless, he did not file his applications for post-conviction relief until after the expiration of the one-year limitation period; therefore, these did not toll the limitation period for filing his federal habeas petition.

In his response to the Motion to Dismiss, Shavers asserts that his allegedly unconstitutional sentencing resulted from ineffective assistance of counsel. This is also listed as "Ground Four" in his petition. However, Shavers does not explain how his attorney's performance in the conviction and sentencing phase has any relevance with respect to tolling the one-year limitation period for seeking post-conviction relief. Rather, his arguments pertain to counsel's representation prior to conviction and do not offer a valid justification for failing to file a timely petition for post-conviction relief.

Shavers also complains about his lack of education, the absence of a law library, and the deficiencies of the Inmate Legal Assistance Program. In essence, Shavers asserts that he is entitled to equitable tolling. Equitable tolling of the one-year limitation period is available only in "rare and exceptional circumstances". *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Equitable tolling should be applied only if the applicant diligently pursues § 2254 relief. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2000); *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999). Shavers does not explain how these deficiencies prevented him from filing a § 2254 petition until more than three years past the deadline. Shavers acknowledges the existence of the ILAP and that it provides copies of cases for inmate research. *See Felder*, 204 F.3d at 171-73. Shavers also fails to demonstrate that his alleged lack of education entitles him to equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999). The undersigned finds that

4

Shavers has not presented any "rare and exceptional circumstances" that would justify equitable tolling of the limitations period. Nor has he demonstrated diligent pursuit of § 2254 relief.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Respondent's [6] Motion to Dismiss be GRANTED, and that Shaver's § 2254 petition be dismissed as untimely.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 12th day of June, 2013.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE