```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                              JACKSON DIVISION
```

**KIRBY SHAVERS**                                                    **PETITIONER**

**VS.**                                    **CIVIL ACTION NO. 3:13-cv-51-WHB-RHW**

**RONALD KING**                                                      **RESPONDENT**

## OPINION AND ORDER

This cause is before the Court on the Report and Recommendation of United States Magistrate Judge Robert H. Walker. After considering the R and R[1] and the other pleadings in this case[2], the Court finds it should be adopted in its entirety.

### I.  Discussion

On August 8, 2008, Petitioner, Kirby Shavers ("Shavers"), pleaded guilty to one count of each of the following crimes: rape, kidnapping, burglary of a dwelling, grand larceny, and aggravated assault.  Shavers was sentenced to a 17-year term of imprisonment on the rape conviction; a 15-year term of imprisonment on the kidnapping conviction; a 25-year term of imprisonment on the burglary conviction; a 5-year term of imprisonment on the grand larceny conviction; and a 25-year term of imprisonment on the

---

[1] The parties were required to file objections to the R and R on or before June 28, 2013.  No objections were filed.

[2] As Petitioner is proceeding in this case *pro se*, the allegations in his pleadings have been liberally construed.  See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

aggravated assault conviction. The sentences for the rape and burglary convictions were ordered to run concurrently, while the remaining sentences were ordered to run consecutively to each other and to the sentences for rape and burglary. A direct appeal could not be taken based on Shavers's having pleaded guilty.

On April 18, 2011, Shavers filed a Motion to Reduce Sentence, which was denied by the state trial court. See Judgment of Dismissal (filed in this case at [Docket No. 6], Ex. B). The decision of the trial court was affirmed on appeal. See Jackson v. State, 94 So.3d 362 (Miss. Ct. App. 2012). On August 20, 2012, Shavers filed an Application for Leave to File Petition for Post-Conviction Relief. The Application was dismissed as improper by the Mississippi Supreme Court on October 17, 2012. See Shavers v. State, No. 2012-M-01337, slip op. (Miss. Oct. 17, 2012)(filed in this case at [Docket No. 6], Ex. D).

On or about January 16, 2013, Shavers filed the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), which is presently before the Court. In response, Respondent, Ronald King ("King"), filed a motion seeking its dismissal on the grounds that is was untimely filed. On review, United States Magistrate Judge Robert H. Walker entered a Report and Recommendation ("R and R"), recommending that the Petition be dismissed as untimely. See R and R [Docket No. 8]. In the R and R, Judge Walker found that to be timely under the Anti-

Terrorism and Effective Death Penalty Act ["AEDPA"], codified at 28 U.S.C. § 2244(d), Shavers was required to file his Petition on or before August 11, 2009.  See R and R, at 3.  As Shavers's Petition was not filed until January 16, 2013, Judge Walker found, and this Court agrees, that the Petition is time barred.  See 28 U.S.C. § 2244(d)(providing persons in custody pursuant to a state court judgment a one-year period in which to seek federal habeas corpus relief).

Judge Walker then considered whether the applicable one-year limitations period was extended either (1) by one or more of the exceptions enumerated in 28 U.S.C. § 2244(d), or (2) by the doctrine of equitable tolling.  On these issues, Judge Walker found that Shavers's having filed motions seeking post conviction relief in the state courts did not toll the applicable one-year statute of limitations because all of his motions had been filed after the limitations period had already expired.  See R and R, at 3-4.  Next, Judge Walker found that Shavers had failed to show that equitable tolling should apply in this case.  See id. at 4-6.  Upon finding that Shavers's Petition for federal habeas corpus relief was filed after the applicable one-year statute of limitations expired, and that the limitations period had not been statutorily or equitably tolled, Judge Walker recommended that King's Motion to Dismiss be granted, and that Shavers's Petition be dismissed, with prejudice, as untimely.

3

After reviewing the R and R, to which no objection has been filed, as well as Shavers's Petition and other pleadings in this case, the Court agrees that the Petition is time barred and should be dismissed for that reason. Accordingly, the Court will adopt Judge Walker's R and R recommending the dismissal of this case.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the June 12, 2013, Report and Recommendation of United States Magistrate Judge Robert H. Walker [Docket No. 8], is hereby adopted as the ruling of this Court.

IT IS FURTHER ORDERED that the Motion of Respondent to Dismiss [Docket No. 6] is hereby granted. A Final Judgment dismissing this case with prejudice shall be entered this day.

IT IS FURTHER ORDERED that a Certificate of Appealability should not issue. Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED this the 9th day of July, 2013.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE